Mr. Bruce T. Edwards 218 Meadow Cliff Drive Hot Springs, Arkansas 71913
Dear Mr. Edwards:
This is in response to your request, presumably made under A.C.A. §25-19-105(c)(3)(B), for an opinion on whether the Arkansas School for Mathematics and Sciences ("ASMS") was correct in denying your request for records under the Arkansas Freedom of Information Act ("FOIA"). Specifically, you requested "copies of all documents relating to the recent evaluations of all administrators, including the director, made by faculty and staff of the Arkansas School for Mathematics and Sciences ("ASMS"). This . . . includes everything; evaluation papers submitted by faculty and staff, all notes, board evaluations, interpretations, resolutions, opinions, etc." The Board denied your request based upon the exemption from disclosure found at A.C.A. § 25-19-105(c)(1), which exempts "all employee evaluation or job performance records, including preliminary notes and other materials" under certain circumstances.
You disagree with the Board's conclusion and state that: "[t]hese evaluations were submitted to the ASMS Board of Directors. The Board is not a supervisor over the administration team. These folks are paid by the Arkansas Department of Education. These evaluations have never been spoken about at any board meeting in the past, and as far as I know, no one knows what they are used for. I believe it is in the best interest of the public to know what kind of individuals are running this state/taxpayer paid school; and since the Board of Directors is not the direct supervisor of these individuals, this matter should be public information."
RESPONSE
It is my opinion that the Board of Directors was correct to deny you access to these records.
The Arkansas Freedom of Information Act requires all public records to be open to public inspection and copying by citizens of Arkansas, unless there is a relevant exemption shielding the records from public disclosure. In this instance the relevant exemption is A.C.A. §25-19-105(c)(1), which provides as follows:
 However, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
I have previously stated that this exemption covers evaluation or job performance records created "by or at the behest of the public employer" "in the evaluation . . . process." See Ops. Att'y Gen. 2000-179; 99-339; and 99-283. The answer to the question you pose therefore depends upon whether the records you describe fit within this definition. It is my opinion that they do.
The ASMS Employee Handbook, which was adopted by the ASMS Board of Directors in May, 2000, requires the evaluations you describe. Section B.3.c. of the Handbook provides as follows:
 On or before December 1, all staff will receive the opportunity to evaluate the performance of the Director. These evaluations will be anonymous and will be sent to the Secretary of the Board of Trustees by December 15.
 On or before December 1, all administrators, faculty, and academic staff will receive the opportunity to evaluate the performance of the Principal. These evaluations will be anonymous and will be sent to the Director by January 1.
 On or before December 1, all administrators, Residential Mentors, counselors, and student services staff will receive the opportunity to evaluate the performance of the Dean of Students. These evaluations will be anonymous and will be sent to the Director by January 1.
 On or before December 1, the Principal, Dean of Students, and staff will have an opportunity to evaluate the Fiscal/Facilities Manager and the Recruitment and Public Relations Coordinator. The evaluations will be anonymous and will be sent to the Director by January 1.
I assume that these are the evaluations of the "administrators, including the Director" to which you refer. The Director is defined in the Handbook Glossary as "[t]he administrator who is directly subordinate to the Board of Trustees, and directs the operation of residential life and academic affairs." See also A.C.A. § 6-42-203(d)(1) (Repl. 1999) (requiring the Board to employ an administrator, who may be removed by the Board or the Governor). The rest of the "administrators" include the Principal, the Dean of Students, the Fiscal and Facilities Manager, and the Recruitment and Public Relations Coordinator, all of whom are directly subordinate to the Director. See ASMS Handbook, Glossary. See also, A.C.A. § 6-42-204(b)(1) (authorizing the Board, upon recommendation of the Administrator, to employ other personnel the board deems necessary for the operation of the school).
It is thus not correct to say, as you do in your request for an opinion, that "[t]he Board is not a supervisor over the administration team." Clearly, the Board "is charged with the management and control of the Arkansas School for Mathematics and Sciences." A.C.A. § 6-42-203(a) (Repl. 1999). The Board employs and supervises the Director and employs the other administrators and oversees their supervision by the Director.See A.C.A. § 6-42-204(a) and (b). The fact that the administrators are state employees and paid through an appropriation to the Department of Education (see act 379 of 1999) does not mean that they are employed or supervised by the Department of Education.
It appears, therefore, in this instance that the evaluations are procured by the public employer for evaluation purposes. That is, the evaluations, although performed in some instances by non-supervisors, are created at the behest of the employing agency (the Board) in order that the Board and the Director may evaluate the performance of the administrators.[1] In my opinion, therefore, the evaluations fall within the exemption in A.C.A. § 25-19-105(c)(1) for "employee evaluation or job performance records." Assuming that none of the administrators have been suspended or terminated, and none of the other conditions for release of such records has been met, in my opinion the records are shielded from public inspection and copying under the FOIA.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] This fact distinguishes your request from the one presented in Op. Att'y. Gen. 90-086, in which one of my predecessors concluded that evaluations performed by the Associated Student Government on University of Arkansas faculty were open to public inspection. That conclusion was reached "[i]f the evaluation records are indeed created and maintained separate and apart from any UAF administration faculty evaluations. . . ." Id. at 1.